IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

```
SCOTT N. JOHNSON,              )
                               )    2:06-cv-1368-GEB-DAD
          Plaintiff,           )
                               )
     v.                        )    STATUS (PRETRIAL
                               )    SCHEDULING) ORDER
                               )
MARK THANG and SHARON THANG,   )
                               )
          Defendants.[1]       )
                               )
```

The status (pretrial scheduling) conference scheduled in this case for February 12, 2007, is vacated since the joint status report submitted by the parties ("JSR") obviates the need for the conference.[2] The following Order issues based on the JSR and available dates.

---

[1] The caption has been amended according to the Dismissal of Doe Defendants portion of this Order.

[2] The parties and counsel failed to comply with the Status Report filing deadline stated in the Order Continuing Status (Pretrial Scheduling) Conference filed September 19, 2006, and their responses to the December 11, 2006 Order to Show Cause indicate that they are unmindful of the delay that failure had on the scheduling of this action. Sanctions for such a failure could be imposed in the future.

1

## DISMISSAL OF DOE DEFENDANTS

Since Plaintiff has not justified Doe defendants remaining in this action, Does 1 through 10 are dismissed. See Order Setting Status (Pretrial Scheduling) Conference filed June 21, 2006, at 2 n.2 (indicating that if Plaintiff or Plaintiffs fail to set forth in the JSR a date by when the identities of any "Doe" defendants are expected to be discovered, the claims against Doe defendants would be deemed abandoned and a dismissal order would follow).

## SERVICE, JOINDER OF ADDITIONAL PARTIES, AMENDMENT

No further service, joinder of parties or amendments to pleadings is permitted, except with leave of Court, good cause having been shown.

## DISCOVERY

All discovery shall be completed by April 16, 2008. In this context, "completed" means that all discovery shall have been conducted so that all depositions have been taken and any disputes relative to discovery shall have been resolved by appropriate orders, if necessary, and, where discovery has been ordered, the order has been complied with or, alternatively, the time allowed for such compliance shall have expired.[3]

Each party shall comply with Federal Rule of Civil Procedure 26(a)(2)'s initial expert witness disclosure and report requirements

---

[3] The parties are advised that the Magistrate Judges in the Eastern District are responsible for resolving discovery disputes. See Local Rule 72-302(c)(1). Accordingly, counsel shall direct all discovery-related matters to the Magistrate Judge assigned to this case. A party conducting discovery near the discovery "completion" date runs the risk of losing the opportunity to have a judge resolve discovery motions pursuant to the Local Rules.

2

1  on or before November 16, 2007, and with the rebuttal expert
2  disclosures authorized under the Rule on or before December 17, 2007.

### MOTION HEARING SCHEDULE

4        The last hearing date for motions shall be June 16, 2008, at
5  9:00 a.m.[4]

6        Motions shall be filed in accordance with Local Rule 78-
7  230(b).  Opposition papers shall be filed in accordance with Local
8  Rule 78-230(c).  <u>Failure to comply with this local rule may be deemed
9  consent to the motion and the Court may dispose of the motion
10 summarily</u>.  <u>Brydges v. Lewis</u>, 18 F.3d 651, 652-53 (9th Cir. 1994).
11 Further, failure to timely oppose a summary judgment motion may result
12 in the granting of that motion if the movant shifts the burden to the
13 nonmovant to demonstrate a genuine issue of material fact remains for
14 trial.  <u>Cf.</u> <u>Marshall v. Gates</u>, 44 F.3d 722 (9th Cir. 1995).

15       Absent highly unusual circumstances, reconsideration of a
16 motion is appropriate only where:

17       (1)  The Court is presented with newly discovered evidence
18 that could not reasonably have been discovered prior to the filing of
19 the party's motion or opposition papers;

20       (2)  The Court committed clear error or the initial decision
21 was manifestly unjust; or

22       (3)  There is an intervening change in controlling law.
23 A motion for reconsideration based on newly discovered evidence shall
24 set forth, in detail, the reason why said evidence could not
25 reasonably have been discovered prior to the filing of the party's

---

[4] This time deadline does not apply to motions for continuances, temporary restraining orders, emergency applications, or motions under Rule 16(e) of the Federal Rules of Civil Procedure.

1  motion or opposition papers.  Motions for reconsideration shall comply
2  with Local Rule 78-230(k) in all other respects.
3         The parties are cautioned that an untimely motion
4  characterized as a motion in limine may be summarily denied.  A motion
5  in limine addresses the admissibility of evidence.

                        FINAL PRETRIAL CONFERENCE

7         The final pretrial conference is set for August 4, 2008, at
8  1:30 p.m.  The parties are cautioned that the lead attorney who WILL
9  TRY THE CASE for each party shall attend the final pretrial
10 conference.  In addition, all persons representing themselves and
11 appearing in propria persona must attend the pretrial conference.
12        The parties are warned that non-trialworthy issues could be
13 eliminated sua sponte "[i]f the pretrial conference discloses that no
14 material facts are in dispute and that the undisputed facts entitle
15 one of the parties to judgment as a matter of law."  Portsmouth Square
16 v. S'holders Protective Comm., 770 F.2d 866, 869 (9th Cir. 1985).
17        The parties shall file a JOINT pretrial statement with the
18 Court not later than seven (7) days prior to the final pretrial
19 conference.[5]  The joint pretrial statement shall specify the issues
20 for trial.  The Court uses the parties' joint pretrial statement to
21 prepare its final pretrial order and could issue the final pretrial
22 order without holding the scheduled final pretrial conference.  See
23 Mizwicki v. Helwig, 196 F.3d 828, 833 (7th Cir. 1999) ("There is no

---

[5]  The failure of one or more of the parties to participate in the preparation of any joint document required to be filed in this case does not excuse the other parties from their obligation to timely file the document in accordance with this Order.  In the event a party fails to participate as ordered, the party or parties timely submitting the document shall include a declaration explaining why they were unable to obtain the cooperation of the other party.

4

requirement that the court hold a pretrial conference."). The final pretrial order supersedes the pleadings and controls the facts and issues which may be presented at trial. Issues asserted in pleadings which are not preserved for trial in the final pretrial order cannot be raised at trial. <u>Hotel Emp., et al. Health Tr. v. Elks Lodge 1450</u>, 827 F.2d 1324, 1329 (9th Cir. 1987) ("Issues not preserved in the pretrial order are eliminated from the action."); <u>Valley Ranch Dev. Co. v. F.D.I.C.</u>, 960 F.2d 550, 554 (5th Cir. 1992) (indicating that an issue omitted from the pretrial order is waived, even if it appeared in the pleading); <u>cf.</u> <u>Raney v. Dist. of Columbia</u>, 892 F. Supp. 283 (D.D.C. 1995) (refusing to modify the pretrial order to allow assertion of a previously-pled statute of limitations defense); <u>Olympia Co. v. Celotex Corp.</u>, 597 F. Supp. 285, 289 (E.D. La. 1984) (indicating that "[a]ny factual contention, legal contention, any claim for relief or defense in whole or in part, or affirmative matter not set forth in [the pretrial statement] shall be deemed . . . withdrawn, notwithstanding the contentions of any pleadings or other papers previously filed [in the action]").

<u>If possible, at the time of filing the joint pretrial statement counsel shall also email it in a format compatible with WordPerfect to: geborders@caed.uscourts.gov</u>.

TRIAL SETTING

Trial is set for November 4, 2008, commencing at 9:00 a.m.

MISCELLANEOUS

The parties are reminded that pursuant to Federal Rule of Civil Procedure 16(b), the Status (pretrial scheduling) Order **shall not be modified except by leave of Court upon a showing of good cause.**

5

1  **Counsel are cautioned that a mere stipulation by itself to change**
2  **dates does not constitute good cause.**
3       IT IS SO ORDERED.
4  Dated:  February 5, 2007

6  _____
   GARLAND E. BURRELL, JR.
7  United States District Judge